FILED'07 AUG 07 15:01USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRACY WATSON,
        Plaintiff,

v.

EVERGREEN OREGON HEALTHCARE
VALLEY VISTA, LLC,
        Defendant.

CV 06-1384-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

       This matter comes before the court on the renewed motion to dismiss (#40) filed August 3, 2007, by defendant Evergreen Oregon Healthcare Valley Vista, LLC ("Evergreen"). For the reasons set forth below, plaintiff Tracy Watson is ordered pursuant to Local Rule 41.2 to appear in writing within thirty days hereof, to show cause why this action should not be dismissed with prejudice for want of prosecution.

Page 1 - OPINION AND ORDER

## BACKGROUND

On July 12, 2007, Watson failed to appear at her properly noticed deposition. Watson's failure to appear followed upon a long string of failures to comply with discovery obligations dating back at least to January 16, 2007.

The following day, July 13, 2007, Evergreen filed its first motion to dismiss (#28). This court ordered Watson to appear for deposition on July 16, 2007, and she did so; in consequence, this court denied Evergreen's motion, but took Evergreen's request for sanctions under advisement. This court further granted Watson's request to extend the July 19, 2007 discovery deadline for the sole purpose of permitting her to depose four of Evergreen's employees. On August 2, 2007, however, Watson's counsel filed a motion to withdraw as Watson's attorney of record (#38) based on "irreconcilable differences," alleging that Watson failed to meet financial obligations to him, failed to remain in contact with him, and failed to provide him with "required and necessary" information. Evergreen did not oppose counsel's motion to withdraw, but does argue that the grounds alleged therein constitute additional support for their renewed motion to dismiss.

## DISCUSSION

Local Rule 41.2 authorizes this court to order any party to show cause why any action "which does not appear to be diligently prosecuted" should not be dismissed with prejudice. L.R. 41.2. Here, Watson has consistently fulfilled her discovery obligations in only the most dilatory manner, and only in response to this court's orders compelling her to do so, and has additionally failed to communicate with her counsel regarding the prosecution of this matter. I therefore order Watson to appear before this court in writing not later than September 6, 2007, either in her

own behalf or through replacement counsel, stating grounds for which this court should not dismiss her claims against Evergreen with prejudice, due to Watson's failure to prosecute her claims diligently.

## CONCLUSION

Defendant Evergreen's renewed motion to dismiss (#40) is taken under advisement, pending plaintiff Watson's response to the court's order to show cause. Plaintiff Watson is ordered to show cause in writing why her claims should not be dismissed for want of prosecution, on or before September 6, 2007. In the event Watson fails to file a timely, written response to this court's order, her claims will be dismissed with prejudice.

Dated this 7th day of August, 2007.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge